# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA CALIPO, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 10-298 Erie |
| | ) |
| v. | ) |
| | ) |
| BUTLER COUNTY CRANBERRY | ) |
| TOWNSHIP POLICE DEPARTMENT, | ) |
| OFFICERS BOB ONEILL, EVANSTON, | ) |
| AND MEYERS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., District Judge.

Plaintiff, Julia Calipo, proceeding *pro se*, filed this civil rights action on December 20, 2010 against the Butler County Cranberry Township Police Department, and Officers Bob Oneill, Evanston and Meyers for alleged violations of her federal civil rights and Pennsylvania state law. Presently pending before the Court is the Defendants' Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) [ECF No. 16]. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I.     **BACKGROUND**

According to the allegations in the Amended Complaint,[1] this lawsuit centers around the Defendants' handling of a complaint lodged against the Plaintiff by Tammy Wodarski, the estranged wife or ex-wife of her fiancée, Jeremiah Wodarski. *See* [ECF No. 14] Amended Complaint. Plaintiff contends that her federal rights were violated when the Defendant Officers

---

[1] Plaintiff filed a document entitled "Motion for Finding of Malfeasance, Defamation, Slander, Liebel (sic), Mental Anguish, and Conspiracy §§ 1983" [ECF No. 3], which the Court construed as the Plaintiff's Complaint. On July 19, 2011, Plaintiff filed a document entitled "Amended Complaint Motion for Finding of Malfeasance, Defamation, Slander, Liebel, (sic) Mental Anguish, and Conspiracy §§ 1983" [ECF No. 14]. Although this document added factual allegations regarding claims that had been filed against Jeremiah Wodarski, the substance of the Plaintiff's claims against the Defendants remained the same. [ECF. No. 14] Amended Complaint, p. 2.

1

"did knowingly take several false statements" from Tammy Wodarski regarding claims of "harassment and intimidation" allegedly perpetrated by the Plaintiff against Ms. Wodarski. *Id*. at p. 1. Plaintiff alleges that the investigation conducted by the Defendants was biased, "repressed the truth," and resulted in the Plaintiff being arrested and booked in Erie County on "unwarranted" criminal charges. *Id*. Plaintiff further alleges that the "affidavit" prepared by Defendant Oneill contained a "perjierious" statement relative to his attempts to contact her, and contained several typographical errors, including a wrong address. *Id*. at pp. 1-2.

Plaintiff alleges that the above actions were taken by the Defendant Officers' pursuant to a "conspiracy" to "enforce their own agenda to illicit harm" to her "general being." *Id*. at p. 1. Plaintiff contends that on June 14, 2010, Defendant Myers received her civil complaint against Defendant Oneill, along with information showing that she had filed harassment charges against Ms. Wodarski for her conduct directed towards the Plaintiff, for the period from April 7, 2010 through July 6, 2010. *Id*. Plaintiff claims that a full investigation of her harassment charges against Ms. Wodarski was not performed, and that her "civil complaint" filed against Defendant Oneill was "ignored." *Id*.

The charges filed against the Plaintiff were ultimately dismissed on December 17, 2010. *See* [ECF No. 20-1] Reply Ex. A.[2] Plaintiff claims that these "false allegations" resulted in extreme mental anguish and suffering, as well as damage to her reputation, and she seeks damages in the amount of $60,000.00. *See* [ECF No. 14] Amended Complaint p. 2.

---

[2] Although this matter is being decided pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court may consider the document attached as an exhibit to the Defendants' Reply since it constitutes an official court document whose authenticity cannot reasonably be questioned and is related to matters raised in the Plaintiff's complaint. *See Jones v. ABN Amro Mortg. Group, Inc.*, 606 F.3d 119, 125 n.2 (3rd Cir. 2010) (noting that a "court may consider any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiffs [sic] claims are based on the document") (citation and internal quotation omitted) (quoting *Miller v. Clinton County*, 544 F.3d 542, 550 (3rd Cir. 2008)). This Court may also take judicial notice of the magisterial proceedings in connection with this Rule 12(b)(6) adjudication. *See O'Boyle v. Braverman*, 337 Fed. Appx. 162, 164 (3rd Cir. 2009) (in resolving a Rule 12(b)(6) motion, a court may properly look at public records, concluding judicial proceedings, in addition to the allegations in the complaint).

## II. STANDARD OF REVIEW

Defendants have moved for dismissal of the Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3rd Cir. 2008). Because Plaintiff is proceeding pro se, her complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Brown v. City of Long Branch*, 380 Fed. Appx. 235, 238 (3rd Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, a complaint, even one that is *pro se*, must be dismissed if it does not allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Thakar v. Tan*, 372 Fed. Appx. 325, 328 (3rd Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, __ , 129 S.Ct. 1937, 1949 (2009)). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 129 S.Ct. at 1949). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S.Ct. at 1949. In determining the sufficiency of a complaint under *Twombly* and *Iqbal*, the court conducts a three step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3rd Cir. 2010) (footnote omitted); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3rd Cir. 2011); *Thornton v. City of Pittsburgh*, 777 F. Supp. 2d 946, 950 (W.D.Pa. 2011).

### III.   DISCUSSION

Plaintiff's federal claim is premised on 42 U.S.C. § 1983, which provides a private right of action to:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. …

42 U.S.C. § 1983.  In order to state a claim for conspiracy under § 1983, a plaintiff must demonstrate that: (1) the defendants deprived her of a right secured by the Constitution or laws of the United States; and (2) conspired to do so while acting under color of state law.  *See Ridgewood Bd. Of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3rd Cir. 1999) ("In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right.") *superseded by statute on other grounds as stated in P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3rd Cir. 2009); *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D.Pa. 2003).  "As a threshold matter, … a § 1983 conspiracy claim only arises when there has been an actual deprivation of a right."  *Perano v. Township of Tilden*, 423 Fed. Appx. 234, 239 (3rd Cir. 2011).  *See also Young v. New Sewickley Township*, 160 Fed. Appx 263, 267 (3rd Cir. 2005) (stating that in order to proceed with a conspiracy claim under § 1983, a plaintiff must sufficiently plead an underlying civil rights violation).

Moreover, "'to sufficiently allege a conspiracy, a plaintiff must show 'a combination of two or more person[s] to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'"  *Marchese v Umstead*, 110 F. Supp. 2d 361, 371 (E.D.Pa. 2000) (quoting *Panayotides v. Rabenold*, 35 F. Supp. 2d 411, 419 (E.D.Pa. 1999)).  A plaintiff must make "'specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'"  *Id*. (quoting *Hammond v. Creative Financial Planning Org.*, 800 F. Supp. 1244, 1248 (E.D.Pa. 1992)).  A "mere incantation of the words 'conspiracy' or 'acted in concert' does not

4

talismanically satisfy the [pleading requirements]" for a conspiracy claim. *Sung Tran v. Delavau, LLC*, 2008 WL 2051992 at *10 (E.D.Pa. 2008) (alterations added) (quoting *Loftus v. Southeastern Pennsylvania Transp. Authority*, 843 F. Supp. 981, 987 (E.D.Pa. 1994)).

Here, Defendants argue that the Plaintiff's conspiracy claim must fail since she has not plead the violation of an underlying constitutional right, nor has she plead sufficient facts from which such a violation could be construed. *See* [ECF No. 17] Defendants' Brief p. 9. Viewing the allegations of the Amended Complaint in the light most favorable to the Plaintiff, she appears to be asserting claims for false arrest and/or malicious prosecution in violation of the Fourth Amendment.

Plaintiff contends that the Defendant Officers knowingly took "false statements" from Ms. Wodarski which resulted in the "unwarranted action of arrest and criminal charges" being filed against her. *See* [ECF No. 14] Amended Complaint p. 1. In order to state a viable cause of action for false arrest under § 1983, the Plaintiff must show that: (1) a Fourth Amendment seizure occurred, and (2) the seizure was made without probable cause. *See Winston v. Daniels,* 2011 WL 2680282 at *12 (W.D.Pa. 2011); *Gavlock v. Deniker*, 2005 WL 1273582 at *9 (M.D.Pa. 2005) (citing *Dowling v. City of Philidelphia*, 855 F.2d 136, 141 (3rd Cir. 1988)), *aff'd on other grounds*, 176 Fed. Appx. (3rd Cir.), *cert. denied*, 549 U.S. 884 (2006). "A person is seized for Fourth Amendment purposes only if he is detained by means intentionally applied to terminate his freedom of movement." *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3rd Cir. 2000), *cert. denied*, 531 U.S. 1072 (2001).

To the extent Plaintiff is attempting to plead a malicious prosecution claim, she must allege that: (1) the Defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the Plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) Defendants acted maliciously or for a purpose other than bringing the Plaintiff to justice; and (5) Plaintiff suffered a deprivation of liberty consistent with the concept of "seizure" as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81-2 (3rd Cir. 2007) (footnote omitted); *see also DiBella v. Borough of Beachwood*, 407 F.3d 599, 602 (3rd Cir. 2005). In *DiBella*, the court held that "[p]retrial custody and some onerous types of pretrial non-custodial restrictions

constitute a Fourth Amendment seizure," but the plaintiffs "failed to state a cause of action for malicious prosecution because their attendance at trial did not qualify as a Fourth Amendment seizure." *DiBella*, 407 F.3d at 603.

Here, Defendants argue, based upon a criminal docket from Magisterial District Judge 50-3-04 [ECF No. 20-1], that Plaintiff's case was instituted by a summons rather than by a warrant of arrest. However, the Plaintiff has alleged that she was "arrested" and I do not view the criminal docket supplied by the Defendants as necessarily dispositive. Whether the Plaintiff was in fact arrested for Fourth Amendment purposes is more properly addressed on a more fully developed record pursuant to *Fed.R.Civ.P*. 56.

As to her malicious prosecution claim, there are no allegations that Plaintiff was incarcerated, required to post bond, report to Pretrial Services, or that her travel was restricted. *See Wiltz v. Middlesex County Office*, 249 Fed. Appx. 944, 949 (3rd Cir. 2007) (affirming district court's dismissal of § 1983 claim where plaintiff alleged an arrest but did not "allege that she was incarcerated, required to post bond, maintain contact with Pretrial Services, refrain from traveling, or that she endured any other 'post-indictment' deprivation of liberty as a result of the legal proceedings."), *cert. denied*, 552 U.S. 1285 (2008); *Holmes v. McGuigan*, 184 Fed. Appx. 149, 151 (3rd Cir. 2006) (plaintiff did not suffer seizure for purposes of § 1983 malicious prosecution claim where the only deprivation of liberty that resulted from a traffic citation was the requirement that the plaintiff appear in court); *Benard v. Washington County*, 465 F. Supp. 2d 461, 469 (W.D.Pa. 2006) (Fourth Amendment seizure did not occur where plaintiff was released on her own recognizance, was required to notify court and bail authority if she changed address, and was required to attend court proceedings); *Winston v. Daniels,* 2011 WL 2680282 at *13 (W.D.Pa. 2011) (no "seizure" in the Fourth Amendment sense where plaintiff issued a non-traffic citation on a summary offense, was never taken into custody, otherwise restrained or required to post bail); *Malcomb v. Dietz,* 2011 WL 5523682 at *7 (W.D.Pa. 2011) (dismissing plaintiff's malicious prosecution claim where there were no allegations that he suffered a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding); *Whiting v. Bonazza,* 2011 WL 5007097 at *10 (W.D.Pa. 2011) (dismissing

malicious prosecution claim noting that "[t]he seizure prong of a malicious prosecution claim is not met when a plaintiff fails to allege facts demonstrating sufficient post-arrest restrictions on her liberty by the government."); *Barber v. Pa. Dept. of Agriculture*, 2010 WL 1816760 at *5 (W.D.Pa. 2010) (dismissing § 1983 claim for malicious prosecution where plaintiffs alleged "nothing more than loss of personal property, financial harm and injury to reputation").

I also find Plaintiff's allegations of conspiracy insufficient under *Twombly* and its progeny. As previously noted, Plaintiff's Amended Complaint must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Marchese*, 110 F. Supp. 2d at 371. Here, Plaintiff has alleged: "[t]his conspiracy which involved these Police officers is factually supported they worked (sic) in concert and under color of state law to discriminately enforce their own agenda to illicit harm to plaintiff's general being." [ECF. No. 14] Amended Complaint p. 1. A similar allegation was found deficient in *Snavely v. Arnold*, 2009 WL 1743737 (M.D.Pa. 2009). In *Snavely*, the plaintiff alleged the following: "[t]hese defendants then came together and used their official power and positions to conjure up false charges against the plaintiff which were not based upon fact at all but were used as a pretext by these defendants to deter the plaintiff from the exercise of his 1st Amendment rights." The court stated:

> … With no other factual allegations to support the existence of a conspiracy, this statement is nothing more than a conclusory assertion of the type which *Iqbal* ruled is not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1951 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").
>
> … Plaintiff never alleges which Defendants had an agreement, what the agreement was for, when it was instituted, or any other bit of information which might support the existence of a "meeting of the minds" to infringe Plaintiff's rights. Such allegations do not, without more, support the existence of a conspiracy. Therefore, the Court finds that Plaintiff has failed to state a claim, and his § 1983 conspiracy claim will be dismissed against all Defendants.
>
> The Court is ever mindful that Plaintiff is entitled to have well-pled facts credited at this state of the proceedings. If there exist facts to support Plaintiff's claims, they have not been well-pled. Until they are, Plaintiff's claims cannot go

    onward. Sweeping, generalized, blanket assertions against a group will not
suffice, especially where Defendants may have defenses of immunities depending
on the factual claims.

*Snavely*, 2009 WL 1743737 at *5.

    Finally, Cranberry Township Police Department seeks dismissal as a party Defendant from this case arguing that it is not a separate entity capable of being sued under § 1983. I agree, and accordingly they will be dismissed from this case with prejudice. *See Padilla v. Township of Cherry Hill,* 110 Fed. Appx. 272, 278 (3rd Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *Bonenberger v. Plymouth Township,* 132 F.3d 20, 25 n.4 (3rd Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1893 liability."); *Pahle v. Colebrookdale Township*, 227 F. Supp. 2d 361, 367 (E.D.Pa. 2002) (police departments cannot be sued in conjunction with municipalities, because the police departments are merely administrative agencies of the municipalities – not separate judicial entities); *Irvin v. Borough of Darby*, 937 F. Supp. 446, 450 (E.D.Pa. 1996) (same).

    For the forgoing reasons, Defendants' Motion to Dismiss will be granted in part and denied in part. Plaintiff is granted leave to file an Amended Complaint on or before April 2, 2012 to address the deficiencies discussed above.

## IV.   CONCLUSION

    An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIA CALIPO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-298 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| BUTLER COUNTY CRANBERRY | ) | |
| TOWNSHIP POLICE DEPARTMENT, | ) | |
| OFFICERS BOB ONEILL, EVANSTON, | ) | |
| AND MEYERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 15th day of February, 2012, IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) [ECF No. 16] is GRANTED in part and DENIED in part for the reasons set forth in the accompanying Memorandum Opinion.

IT IS FURTHER ORDERED that Plaintiff shall file an Amended Complaint on or before April 2, 2012.

                                                          s/ Sean J. McLaughlin
                                                            United States District Judge

cm:    All parties of record